# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                 )
**UNITED STATES of AMERICA**      )
                                 )
         **v.**                       )      **Criminal No.**
                                 )      **09-40048-FDS**
**ANGEL ROMAN,**               )
                                 )
        **Defendant.**         )
_____)

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE

**SAYLOR, J.**

On December 3, 2009, a grand jury returned an indictment charging defendant Angel

Roman with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and

distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  On November 30, 2010,

defendant pleaded guilty to both counts, subject to a Rule 11(c)(1)(C) binding plea agreement.

In the plea agreement, the parties agreed to a disposition of a term of 132 months of

incarceration and 60 months of supervised release.  The Court accepted the plea agreement, and

sentenced defendant to that term on March 7, 2011.

On May 25, 2012, defendant filed a motion for a reduction of sentence pursuant to 18

U.S.C. § 3582(c)(2), which allows a defendant's sentence to be reduced in cases where the

Sentencing Commission has subsequently lowered the guideline sentencing range.  Defendant

contends that he is eligible for a reduction in sentence under Amendment 750, which lowered the

guideline sentencing range for crack cocaine offenses.  In his motion, defendant contends that he

was held responsible for 26.4 grams of crack cocaine, which corresponds to a base offense level

of 24, with a guideline range of 51 to 63 months.  (Def. Mot. at 5-6).  Defendant further contends

that he is eligible for a three-level reduction for acceptance of responsibility, which would bring

his offense level to 21, with a guideline range of 37-46 months.  (*Id.*).

  Defendant was, in fact, sentenced under the reduced crack cocaine guidelines, not the

older version.  The Court sentenced defendant in March 2011, and his base offense level was

calculated using guidelines that had been in effect since November 1, 2010, and already included

the reduced crack cocaine offense levels.  The Court assigned him a base offense level of 24,

which matches what defendant contends is the proper base offense level.  (Sent. Tr. at 13).

However, defendant received a two-level enhancement for possession of a firearm, and his status

as a career offender raised him to a level 34, which he did not account for in his calculations.

(*Id.*).  Defendant did receive the three-level reduction for acceptance of responsibility that he

contends he is eligible for.  (*Id.*).  He also received a two-level reduction from his status as a

career offender, based on the Court's ruling that the Fair Sentencing Act applied in his case,

giving him a final offense level of 29.  (*Id.* at 13-14).  Defendant failed to take into account his

criminal history score of 14 and his criminal history category of VI in his calculations.  His

criminal history score and his offense level together produced a guideline range of 151-188

months.  (*Id.*).

  Defendant received the full benefit of the reduced crack cocaine base offense levels, as

well as the reduced career offender enhancement under the Fair Sentencing Act.  His sentence of

132 months is a well below the guideline sentence, even after receiving those benefits.

Therefore, defendant is not entitled to a reduction of sentence.

  For the foregoing reasons, defendant's motion for a reduction of sentence is DENIED, as

is his request for appointment of counsel.  Defendant's motion for default is also DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 3, 2012